**GASTER MARINE RECOVERY & SALES, INC. and Bruce Gaster, Plaintiffs,**

v.

**M/V "THE RESTLESS I," her engines, tackle, apparel, furniture, equipment, and all other necessaries appertaining and belonging in rem and The Restless I Enterprises, Inc., a Florida corporation in personam, Defendants.**

No. 98–8082–CIV.

United States District Court, S.D. Florida.

Sept. 30, 1998.

Captain Edward R. Fink, Fort Lauderdale, FL, WMJB Marine Inc. d/b/a Palm Beach Yacht Center, by Walt Dinardo, Vice President, Hypoluxo, FL, for plaintiffs.

Douglas C. Broeker, Sweetapple, Broeker & Varkas, Miami, FL, for defendants.

### ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

MORENO, District Judge.

THIS CAUSE came before the Court upon a *sua sponte* examination of the record. Plaintiffs' suit is for payment of the unpaid portion, $14,030.53, of a bill for ship repairs. The repairs commenced pursuant to an agreement the parties entered into (the "Brokerage Agreement") for Plaintiffs to act as broker in the sale of Defendant's ship, the "RESTLESS I." Plaintiffs assert a maritime lien against the ship *in rem* and a breach of contract claim against THE RESTLESS I ENTERPRISES, INC., *in personam*, for the unpaid repair work.

The Court, however, must forgo judgment on the merits of the suit because it is not convinced of its subject matter jurisdiction to hear the case.

In this case "jurisdiction is determined by the general rule for admiralty jurisdiction in contract: for jurisdiction to exist the subject contract must be wholly maritime in nature, or any nonmaritime elements must be either insignificant or separable." *Wilkins v. Commercial Inv. Trust Corp.*, 153 F.3d 1273, 1276 (11th Cir.1998).

Generally, this inquiry requires a court to determine whether the "contract in general is one whose subject matter 'is necessary to the operation, navigation, or management of a ship[.]'" *Id.* (quoting *Ambassador Factors v. Rhein–, Maas–, Und See–Schiffahrtskontor GMBH*, 105 F.3d 1397, 1399 (11th Cir.1997)).

Here, however, the Court is spared the variegation that results from such an ambiguous test because the Eleventh Circuit's law is "firmly established" that a contract for the sale of a vessel is not within federal courts' admiralty jurisdiction. *Hatteras of Lauderdale, Inc. v. Gemini Lady*, 853 F.2d 848, 850 (11th Cir.1988) (citing *Jones v. One Fifty Foot Gulfstar Motor Sailing Yacht, Hull No. 01*, 625 F.2d 44, 47 (5th Cir.1980) ("the well established general rule that admiralty will not entertain suits where the substantive rights of the parties flow from a contract to sell or construct a vessel.")).

In *Hatteras*, for example, the Eleventh Circuit affirmed the district court's dismissal for lack of admiralty jurisdiction because the customization work the plaintiff-appellant sought payment for was incidental to the contemporaneous sales transaction: "We agree with the district court that even if the alleged oral contract did exist, it was still part of the sale and/or construction of the vessel." *Hatteras*, 853 F.2d at 851.

Plaintiffs attempt to distinguish *Hatteras* on the basis that the ship in that case was new, arguing that the ship-sale rule "cannot be extended to rule that necessaries supplied to an *existing* vessel to enhance her saleability are not within the admiralty jurisdiction. . . ." Plaintiffs misread *Hatteras*.

While the *Hatteras* court did indeed hold that "[w]e conclude that all of the work was completed as part of the sale and/or construction of a new vessel, and therefore it does not invoke the maritime jurisdiction of the federal courts[,]" *Hatteras*, 853 F.2d at 851, the court's use of the word "new" does not support the Plaintiffs' effort to distinguish. The word "new" in the preceding quotation relates solely to the fact that the customization work on the ship in *Hatteras* could arguably be taken as either part of the sale of the vessel or as part of the construction of a new ship, but that in either event admiralty jurisdiction did not lie.

The qualification "new" was necessary in addressing the construction argument because as the court explained earlier in its opinion contracts for the construction of a new vessel are not within federal admiralty

jurisdiction, *Hatteras,* 853 F.2d at 849, while contracts for work or repairs on an existing, launched ship are within our admiralty jurisdiction. *Hatteras,* 853 F.2d at 850.

There is, however, no place for this new versus launched distinction in the ship-sale rule. The *Hatteras* court's use of the word "new" is simply inapplicable to the sale part of the court's disjunctive statement: "sale and/or construction of a new vessel." *Hatteras,* 853 F.2d at 851. To be sure, precedent other than *Hatteras* states the rule unqualifiedly: "a contract for the sale of a ship is not a maritime contract." *See, e.g., S.C. Loveland, Inc. v. East West Towing, Inc.,* 608 F.2d 160, 164 (5th Cir.1979) (applying the rule to a launched ship).

Although ultimately unavailing, the concern underlying the Plaintiffs' attempt to escape the ship-sale rule is well-taken: the rule creates confusion in the trade because there is no intuitive reason why the same repairs that if made alone would invoke federal admiralty jurisdiction fail to do so if undertaken pursuant to a sales agreement. Indeed, the ship-sale rule is not an uncontroversial one. *See, e.g., Richard Bertram & Co. v. The Yacht, Wanda,* 447 F.2d 966, 967 (5th Cir. 1971) ("Although subject to some criticism, the prevailing rule has been that a contract for the sale of a ship is not a maritime contract."); *Jack Neilson, Inc., v. Tug Peggy,* 428 F.2d 54, 57 (5th Cir.1970) *cert. denied,* 401 U.S. 955, 91 S.Ct. 973, 28 L.Ed.2d 238 (1971) ("There are valid arguments in favor of the proposition that admiralty courts should take jurisdiction over claims arising out of contracts for the sale of a ship. . . ."). Nonetheless, this Court is constrained to follow the law as it stands, not as litigants, nor even as the undersigned, might have it.

Accordingly, since contracts for the sale of a ship are specifically excluded from federal courts' admiralty jurisdiction, the Brokerage Agreement is clearly not "wholly maritime in nature" and, instead, the jurisdiction inquiry here turns on whether the Brokerage Agreement's "nonmaritime elements . . . [are] either insignificant or separable." *Wilkins,* 153 F.3d at 1276; *see also Butler Seafood, Inc. v. Gowdy,* 609 F.Supp. 465, 466 (S.D.Fla. 1984) (Nesbitt, J.) ("[T]he Court examines the agreement to determine whether it is primarily a contract for sale of the vessel . . .

and therefore not within admiralty jurisdiction, or whether the contract also contains a lease provision which is completely separable from the sale provision, which lease provision could be a proper subject of admiralty jurisdiction.").

Although contracts for ship repair fall within federal admiralty jurisdiction, *Hatteras,* 853 F.2d at 850, the "nonmaritime" sale element in the instant case is neither insignificant nor separable vis-a-vis the repair work because the repairs were undertaken to advance the sale of the "RESTLESS I" pursuant to the parties' Brokerage Agreement. To be sure, the Defendants state: "The purpose of the repairs was to render the Vessel more saleable," in light of the pending listing agreement'; and the Plaintiffs admit: "The repairs simply were a modification of that contract to assist the sale." .

Thus, the Plaintiffs have failed to establish that the repair work was done under an agreement independent of and separable from the "nonmaritime" sale element of the Brokerage Agreement, and thereby failed to allege a contract within federal admiralty jurisdiction capable of supporting either a maritime lien against the "RESTLESS I" *in rem* or a breach of contract claim against THE RESTLESS I ENTERPRISES, INC., *in personam.* Therefore, the case must be dismissed for lack of subject matter jurisdiction since there has been no allegation of diversity and in any event the amount in controversy does not exceed $75,000.00.

The Court is comforted in its decision by the fact that remedies at state law may still be had. Accordingly, it is

ADJUDGED that the case is DISMISSED and all pending motions are DENIED as moot.

DONE AND ORDERED.